SHAW-WALKER COMPANY v JACOBS

1. DEPOSITIONS—SCOPE—COURT RULES.

The scope of a deposition may be limited by a court upon the motion of either party, upon reasonable notice and for good cause shown (GCR 1963, 306.2).

2. DISCOVERY—DEPOSITIONS—SCOPE—COURTS—DISCRETION.

An order by a trial judge which required the defendant to submit written questions to the court for review so that the court might define the scope of discovery was not an abuse of discretion where the case was nearly five years old, and it appeared that the defendants were interested in conducting an investigation into the merits of a prior suit which had been dismissed without having been tried on its merits and a pending tax court claim, in addition to the damages matter at issue.

Appeal from Muskegon, Charles A. Larnard, J. Submitted Division 3 March 7, 1974, at Grand Rapids. (Docket No. 16328.) Decided April 30, 1974.

Complaint by Shaw-Walker Company and its directors against Claude Jacobs and others to recover costs of defending minority stockholders' suits. During pretrial proceedings the circuit court ordered defendants to prepare written questions which they proposed to ask at the deposition of plaintiffs. Defendant Jacobs appeals by leave granted. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1] 20 Am Jur 2d, Courts §§ 82–86.
   23 Am Jur 2d, Depositions and Discovery § 36.
   Power of court to prescribe rules of pleading, practice, or procedure, 158 ALR 715.
[2] 23 Am Jur 2d, Depositions and Discovery §§ 149, 164, 210.

*Vander Veen, Freihofer & Cook, P. C.* (by *James E. McCobb),* for plaintiff.

*R. Bunker Rogoski,* for defendant.

Before: T. M. BURNS, P. J., and V. J. BRENNAN and BASHARA, JJ.

BASHARA, J. On July 2, 1968 plaintiffs commenced an action against defendants to recover damages consisting of the cost of defending lawsuits brought against them by minority stockholders of the Shaw-Walker Company, of which the individual plaintiffs are directors. Defendants had previously issued to the company several director's indemnity policies which provided for reimbursement of costs in defending and investigating certain civil claims brought against its directors or officers.

Subsequent to the purchase of these policies, various minority shareholders instituted an action against the individual plaintiffs herein alleging negligence in the overaccumulation of earned surplus in violation of Federal tax laws. Defendant Jacobs was invited to join in the defense of the shareholder's suit but refused, denying liability under the policies on the ground that plaintiffs had failed to disclose relevant facts in the application for insurance. The shareholders' suit was later dismissed without having been tried on its merits. The instant lawsuit had already been started by plaintiffs seeking declaratory relief that the two policies of insurance were valid contracts and covered the claims made by the minority stockholders in the Nolen suit.

During pretrial proceedings, counsel for the parties agreed to the deposing of two officers and directors of plaintiff corporation. However, plain-

tiffs moved to have the court limit the scope of the deposition and prevent defendants from inquiring into the merits of the stockholder suit. The court did not rule directly on the motion but ordered defendants to prepare written questions they proposed to ask at the deposition.[1] The court indicated that it would later rule on the scope of the examination after it had read the questions. Defendants, by leave granted, appealed from the court's order alleging that the order deprives them of a valuable pretrial discovery tool. They also contend that preparation of a complete list of questions to be asked is unreasonably burdensome and may confine them to posing only those questions at oral deposition.

At the outset, we note that no order has yet been issued which would limit the defendants as to which questions they might ask on oral deposition. The order before us on appeal was for the sole purpose of determining whether the scope of that examination should be limited at all. The issue presented is, simply, whether the trial court abused its discretion in issuing such an order.

In *Klabunde v Stanley,* 384 Mich 276; 181 NW2d 918 (1970), the Supreme Court faced the problem of the trial judge's discretion in a situation similar to the one at hand. The parties in *Klabunde, supra,* were still in the discovery stage of an action that had been nearly five years old. A motion to depose a witness was denied by the trial court and

---

[1] GCR 1963, 306.2 provides in pertinent part:

" * * * Upon motion seasonably made by either party or by the person to be examined and upon reasonable notice and for good cause shown, the court in which the action is pending may make an order that the deposition * * * may be taken * * * on written interrogatories, or that certain matters shall not be inquired into, or that the scope of the examination shall be limited to certain matters, * * * ; or the court may make any other order which justice requires to protect the party or witness from annoyance, undue expense, embarrassment, or oppression. * * * "

upheld by the Supreme Court for the following reasons:

"First, because the request came too late. Whatever rights any party may have to obtain the pretrial discovery, such rights are always subject to the trial judge's right and duty to control the flow of litigation. Standing alone, the fact that the lawsuit was then five years old when the trial judge denied discovery satisfies us that there was not an abuse of discretion in its denial. GCR 1963, 301.7 providing that discovery may not be had after the pretrial conference without special motion for good cause shown, was not in effect when this case went through pretrial conferences in February of 1964 and again in 1965. Nonetheless, the principle that a judge is responsible for moving his docket is not a new one, and discretion was always lodged in trial judges to deny discovery when that process interfered with expeditious disposition of civil litigation." 384 Mich 276, 281–282.

The case at bar had been nearly five years old when defendant sought to depose plaintiffs. It was clear that the trial judge knew of its age and did not want to delay the proceedings any longer than was necessary. Furthermore, it appeared that defendants were interested in conducting an investigation into the merits of both the prior stockholder suit and a pending Tax Court claim. The trial court's ruling appears to have been a compromise, seeking a way to permit discovery of necessary breadth as to fraud and at the same time to withhold from defendant the license allowing him to relitigate the merits of the tax case and shareholders' suits.

GCR 1963, 306.2 clearly authorizes the trial judge to limit the scope of deposition. In light of the foregoing facts, when considered with the court rule and *Klabunde, supra,* we hold that the trial judge did not abuse his discretion in requesting the written questions from the defendants.

Affirmed, costs to plaintiff.

All concurred.